FILED
JAMES J. VILT JR,
CLERK
December 9, 2025
U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA						PLAINTIFF

v.									CRIMINAL NO. 3:25-CR-133-RGJ

AJIBOLA ODUNTAN							DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by Kyle G. Bumgarner, United States Attorney for the Western District of Kentucky, and defendant, Ajibola Oduntan, and his attorney, Jonathan Marshall, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with a violation of Title 18, United States Code, Sections 1349 and 1343. Defendant further acknowledges that the Indictment in this case seeks forfeiture of any property, real or personal, which constitutes or is derived from proceeds obtained, directly or indirectly, as a result of the violations, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461.

2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to Count 1 of the Indictment in this case. Defendant will plead guilty because he is in fact guilty of the charge. The parties agree to the following factual basis for this plea:

On or about and between September 2023 and October 2023, in the Western District of Kentucky and elsewhere, the defendant conspired, combined, confederated, or agreed to participate in a fraud scheme that involved using stolen credit card numbers for the purchase of tickets to live performances. The tickets were then quickly re-sold on third party platforms such as StubHub. Proceeds from the re-sale of the fraudulently obtained tickets would be deposited from StubHub into PayPal accounts. From the PayPal accounts, fraud proceeds could be moved to personal bank accounts or other PayPal users or co-conspirators. The ticketing platforms and credit card networks run on internet-connected servers and involve interstate wires.

StubHub purchasers (unaware of any fraud) were able to use the tickets to attend performances because of the timing of fraud detection, reporting, and chargebacks by the card issuers.

A Kentucky Performing Arts (KPA) production of Wicked the Musical was targeted with such fraudulent purchases. Because KPA was initially unaware of the fraud, receiving notice of chargebacks only after the performances at issue, it honored tickets for which it ultimately received no revenue. KPA's revenue loss from these tickets was approximately $100,000.

4.      Defendant understands that the charge to which he will plead guilty carries a maximum term of imprisonment of twenty years, a maximum fine of $250,000, and a three-year term of supervised release. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5.      Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading

guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A. If defendant persists in a plea of not guilty to the charge against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant

would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

      C.    At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

    8.    Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

    9.    Defendant agrees that the amount of restitution ordered by the Court shall include Defendant's total offense conduct, and is not limited to the counts of conviction. The parties agree and stipulate that Defendant shall pay restitution in the amount to be determined at sentencing. The parties agree that the restitution shall be ordered due and payable on the date of sentencing. Defendant agrees that any payment schedule imposed by the Court is without prejudice to the United States to take all actions available to it to collect the full amount of the restitution at any time. Restitution payments shall be made payable to the U.S. District Court Clerk at Gene Snyder Courthouse, 601 W. Broadway, Louisville, KY 40202. The restitution shall be paid to or on behalf of the following victim(s):

| Victim | Amount |
|---|---|
| Kentucky Performing Arts | TBD |

Defendant agrees that not later than 45 days from entry of the Plea Agreement, Defendant shall provide to the United States, under penalty of perjury, a financial disclosure form listing all Defendant's assets/financial interests. Defendant authorizes the United States to run credit bureau reports prior to sentencing, and Defendant will sign releases authorizing the United States to obtain Defendant's financial records. Defendant understands that these assets and financial interests include all assets and financial interests in which Defendant has an interest, direct or indirect, whether held in Defendant's own name or in the name of another, in any property, real or personal. Defendant shall also identify all assets valued at more than $5,000 which have been transferred to third parties since the date of the first offense, including the location of the assets and the identity of the third party(ies). Defendant agrees that the United States may share the contents of the reports and financial disclosures with the Court and U.S. Probation.

Defendant agrees to submit to a deposition in aid of collection at times and places that the United States directs. If the Defendant has a financial advisor or accountant, Defendant agrees, at his expense, to make them available to aid the United States in determining Defendant's net worth. Defendant authorizes the United States to file notice of Lis Pendens prior to judgment on any real property Defendant owns either individually or jointly. Defendant agrees to his name and debt being added to the Treasury Offset Program.

Upon execution of the Plea Agreement, Defendant agrees not to transfer, sell, or secrete any of Defendant's property, real or personal, held jointly, individually or by nominee/third party, valued at $5,000 or more without first advising the United States not less than 10 days before the proposed sale or transfer. Defendant agrees that failure to comply with any of the

provisions of this Agreement constitutes a material breach of the Plea Agreement and Defendant agrees that the United States is relieved of its obligations under this Agreement and/or may not move the Court pursuant to U.S.S.G. ' 3E1.1(b) to reduce the offense level by one additional level, and may in its discretion argue to the Court that the Defendant should not receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. ' 3E1.1(a)  However, the Defendant may not withdraw his guilty plea because of his breach.

      10.      Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $100 to the United States District Court Clerk's Office by the date of sentencing.

      11.      At the time of sentencing, the United States will

> -recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law.
>
> -recommend a fine at the lowest end of the applicable Guideline Range, to be due and payable on the date of sentencing.[1]
>
> -recommend a reduction of 2 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a)[2], provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility.  Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.
>
> -stipulate that amount of loss involved in this case is more than $95,000 but not more than $150,000.

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment/Information, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.
[2] The parties anticipate that the applicable total offense level will be less than 16, and the defendant would not be eligible for the third level of reduction for acceptance. *See* USSG §3E1.1(b), Comment note 6.

12. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

    A. The Applicable Offense Level should be determined as follows:

| | | |
|---|---|---|
| U.S.S.G. § 2B1.1(a)(1) | Base Offense Level | 7 |
| U.S.S.G. § 2B1.1(b)(1)(E) | Loss Amount | +8 |
| U.S.S.G. § 3E1.1(a) | Acceptance of Responsibility | -2 |
| U.S.S.G. § 4C1.1 | Zero Point Offender Adjustment | -2 |
| | **Total Offense Level** | **11** |

    B. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

    C. The foregoing statements of applicability of sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

13. Defendant agrees to the following waivers of appellate and post-conviction rights:

    A. The Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742.

    B. The Defendant is aware of his right to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, Defendant knowingly and voluntarily waives any collateral attack argument; and

    C. The defendant knowingly and voluntarily agrees to limit any motion for compassionate release for extraordinary and compelling reasons, pursuant to 18 U.S.C. §3582(c)(1)(A)(i), that the defendant may file in the future to the grounds listed in USSG §1B1.13(b)(1)-(5). The defendant knowingly and voluntarily waives the option to move for compassionate release based on any non-retroactive change in the law, including as provided for USSG §1B1.13(b)(6) ("Unusually Long Sentence").

14. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offense[s] covered by this Agreement.

15. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the

Internal Revenue Service. Defendant further agrees to the entry of an order under Fed. R. Crim. P. 6(e) authorizing the use of documents in possession of the Grand Jury to be used during the defendant's deposition as contemplated in paragraph 9 of this Agreement.

17. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise.  Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

18. The Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, following the change of plea the defendant may be detained pending sentencing.

19. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court.  In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

20. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors.  Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

21. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior

understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

KYLE G. BUMGARNER
United States Attorney

By:

_____     12/9/2025
Erin McKenzie                            Date
Assistant United States Attorney

    I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____     12/9/2025
Ajibola Oduntan                          Date
Defendant

    I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____     12/9/2025
Jonathan F. Marshall                     Date
Counsel for Defendant

KGB:egm

| United States Department of Justice | Financial Disclosure Statement – Individual |
|---|---:|
| United States Attorney's Office | Page 1 of 24 |

The United States of America is authorized to inquire about your financial condition and economic circumstances and may verify any information provided in this Financial Disclosure Statement.

This statement is considered incomplete unless you have (1) completed each section fully and accurately, including those sections applicable to your spouse (if not relevant information, enter "Not Applicable" or "N/A"), (2) provided all supportive documentation in your custody, possession, and control identified in Section 16 of this disclosure statement, (3) certified that the information contained herein is true and correct as of the date that you submit this form to the United States Attorney's Office as set forth in the attached Certification, and (4) initialed the bottom of each page of this form acknowledging that the information you are providing is current, accurate, and complete as of the date that you are submitting it.

I ☐ am ☐ am not *(check one)* represented by counsel in the collection of this debt. If I am represented by counsel, I acknowledge having reviewed the foregoing instructions with my counsel, _____
_____ *(name, phone number, email)*.

NOTE: If additional space is needed in completing any of the sections on this statement, please make a copy of the relevant page(s) and attach it to this form.

---

Authority for the solicitation of the requested information includes one or more of the following: 5 U.S.C. § 301, 901 (*see* Note, Executive Order 6166, June 10, 1933); 28 U.S.C. § 501–530A; 28 U.S.C. § 1651, 3201–3206; 31 U.S.C. § 3701–3731; 44 U.S.C. § 3101; 31 C.F.R. Part 900 et seq.; 28 C.F.R. § 0.160, 0.171 and Appendix to Subpart Y; and 18 U.S.C. § 3664(d)(3).

The principal purpose for gathering this information is to evaluate your ability to pay the government's claim or judgment against you. Routine uses of the information are established in the applicable Privacy Act Systems of Records Notice: JUSTICE/DOJ-001 Accounting Systems for the Department of Justice - 69 FR 31406; JUSTICE/DOJ-016 Debt Collection Enforcement System - 77 FR 9965; JUSTICE/TAX-001 Criminal Tax Case Files, Special Project Files, Docket Cards, and Associated Records - 71 FR 11446, 447; JUSTICE/USA-005 Civil Case Files - 53 FR 1864; and JUSTICE/USA-007 Criminal Case Files - 53 FR 1864. Disclosure of the information is voluntary. If the requested information is not furnished, the United States may seek disclosure through other means.

---

My response(s) on this page are current, accurate, and complete as of the date that I submit this Financial Disclosure Statement to the United States Attorney's Office, under penalty of perjury. **Debtor's Initials:** _____

Financial Disclosure Statement – Individual
Version: July 2023